53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ali Kashani ARYANPOUR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70861.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1995.
Decided May 8, 1995.
 
 Before: GIBSON,* HUG, FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ali Kashani Aryanpour, a native and citizen of Iran, petitions for review of a decision of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") denial of his application for asylum, withholding of deportation, and voluntary departure. We have jurisdiction over this timely appeal pursuant to 8 U.S.C. Sec. 1105a(a) and we affirm.[1]
 
 
 3
 Aryanpour contends that the BIA erred in denying him asylum on the basis of a well-founded fear of persecution because of his political opinion, which he expressed through his membership in the Constitutional Council. See 8 U.S.C. Secs. 1158(a), 1101(a)(42)(A). Although Aryanpour participated in public demonstrations organized by the Constitutional Council, he has presented no evidence that the Iranian government has any knowledge of, or interest in, his participation. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1580 (9th Cir.1986). Moreover, none of the evidence Aryanpour has presented establishes that he will experience the same danger as other members of the Constitutional Council who have been persecuted. Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (petitioner must show a "pattern of persecution closely tied to" him).
 
 
 4
 Nor do the three brief interrogations Aryanpour underwent in Iran over ten years ago establish a well-founded fear of persecution. Prasad v. INS, No. 94-70132, slip op. 1335, 1342 (9th Cir. Feb. 1, 1995) (despite earlier detentions and beating, there was no evidence that the government had any continuing interest in petitioner). Finally, we agree with the BIA that Aryanpour's testimony about the suspicion created by his last name was not credible. Moreover, Aryanpour has provided no connection between the persecution on the basis of his last name and his well-founded fear of persecution on the basis of political opinion. The BIA's denial of asylum was supported by substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992).
 
 
 5
 On the basis of the same evidence, Aryanpour contends that the BIA erred in refusing to withhold deportation. To be entitled to a withholding of deportation, Aryanpour must show a "clear probability" that his life or freedom would be threatened on account of political opinion. 8 U.S.C. Sec. 1253(g). This standard is more stringent than the well-founded fear standard for asylum. Acewicz v. U.S. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Because Aryanpour failed to demonstrate a "well-founded fear" of persecution to support eligibility for asylum, he a fortiori failed to demonstrate that he is entitled to withholding of deportation under the stricter clear probability standard.
 
 
 6
 Finally, Aryanpour contends that the BIA erred in denying a discretionary grant of voluntary departure pursuant to 8 C.F.R. Sec. 244.1. To be eligible for voluntary departure, an applicant must prove that he or she has been of good moral character for at least the five years preceding the application. 8 U.S.C. Sec. 1254(e). In addition to the statutory eligibility requirements, the applicant must also show equities meriting such treatment. Abedini v. U.S. INS, 971 F.2d 188, 193 (9th Cir.1992). We conclude that the BIA did not abuse its discretion in denying voluntary departure because the adverse effect of Aryanpour's recent sham marriage outweighed the equities he asserted.
 
 
 7
 In order to afford Aryanpour the opportunity to seek a stay of deportation from the BIA pending resolution of his motion to reopen, we stay our mandate for 60 days. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny the petitioner's renewed motion to hold his petition for review in abeyance pending resolution of his motion to reopen deportation proceedings. We have jurisdiction to review the BIA's final order of deportation as a final appealable order in accord with 8 U.S.C. Sec. 1105a. Berroteran-Melendez v. INS, 955 F.2d 1251, 1254-55 (9th Cir.1992). Aryanpour does not present any compelling reason to stay this proceeding. Id. at 1255